### CONNOR *v.* RIVARD.

Deeds—Delivery—Evidence.

> A husband executed a deed of certain property to his wife and left it with the scrivener to be delivered in case of his death. Subsequently, when both were ill, she importuned him for a deed of the property, whereupon he told a third person the matter had been attended to and authorized him to get the deed, which he did. On being asked whether the deed should be read to his wife the husband made no reply. The wife, when asked whether she would take the deed or let the third person keep it, told him to keep it, and the husband said, "Keep it, and when we are well we will go down to your office and attend to it together." A few days later the wife died, but the husband recovered and always treated the property as his own. *Held,* that there was no delivery of the deed.

Appeal from Wayne; Brooke, J. Submitted January 11, 1906. (Docket No. 54.) Decided May 24, 1906.

Bill by Augustus P. Connor and William J. Connor, executors of the last will and testament of Richard H. Connor, deceased, and others, against Maxime J. Rivard and others to set aside a deed. From a decree for complainants, defendants appeal. Affirmed.

*Clark, Jones & Bryant,* for complainants.

*George F. Monaghan* and *Alex. J. Groesbeck,* for defendants.

McAlvay, J. Complainants are the executors of the last will and testament of Richard H. Connor, deceased, joined with the legatees under said will. Defendants are Bryant Walker, the custodian of a certain deed hereinafter referred to, and the children by a former marriage of the deceased wife of said Richard H. Connor. Both

Mr. and Mrs. Connor had been previously married, and each had children when married and children were also born to them. On February 20, 1886, said Richard H. Connor made and executed a certain deed, duly acknowledged by him March 1, 1886, of seven lots of land situated in the town of Grosse Pointe, Wayne county, Mich., and deposited said deed with the law firm of Walker & Walker, of Detroit, who were his attorneys. This deed was witnessed and acknowledged by and before E. C. Walker, the senior member of the firm. It was placed in an envelope, upon which was written the following indorsement:

"Deed to be delivered in case of death of R. H. Connor, grantor.

"WALKER & WALKER."

It was deposited in the safe, and there remained in the custody of Walker & Walker, and of Bryant Walker, the successor of said law firm, after the death of his father. Catherine Connor, the grantee in said deed, was not a party to this transaction and had no knowledge that such deed had been made until December 16, 1893, nearly eight years afterwards. Catherine Connor died in December, 1893; Richard H. Connor died August 10, 1903. Complainants in this suit first learned of the existence of this deed, and that it was in the custody of Bryant Walker, December 9, 1903. This suit was commenced December 14, 1903. The bill of complaint, among other things, alleges the interest of complainants; the facts relative to making this deed; that it was deposited subject to the control and dominion of Mr. Connor, to be delivered in case Catherine survived him, if not previously recalled or revoked; that her death terminated all authority in Walker & Walker to deliver said deed; that the property described in said deed belongs to the estate of Connor; that Bryant Walker intends to deliver said deed to defendants, the heirs of Catherine Connor; that such delivery would be a fraud upon complainants, and a cloud upon

their title—and prays that said deed may be decreed to
have no legal effect, and may be set aside and declared
void, and said Walker may be decreed to surrender the
same to be destroyed, and also for an injunction against
him, restraining him from delivering the same. Defend-
ant Walker appeared, admitting that he had the deed in
question, and disclaimed any interest in the suit, and
alleged that he held the deed to be produced and delivered
as the court might direct. The bill was taken as confessed
by defendant Theodore B. Rivard. The other defendants
answered, claiming that a delivery of this deed was
actually made by the grantor to the grantee, December
16, 1893. Upon the hearing the court found the facts
against defendants, and granted a decree in favor of
complainants.

The proofs show that on December 16, 1893, Richard
H. Connor and Catherine Connor his wife were both very
sick with pneumonia at their home in Grosse Pointe; that
Judge Henry N. Brevoort was sent for and went to see
them. As a witness for complainants he testifies that he
found them both sick in bed in the same room. Mr.
Connor was in the southwest corner, and Mrs. Connor in
the northwest corner, of the large room they occupied.
He states that he dictated a statement of what occurred
at this interview, and presumes he did so on the same day.
This statement was copied by a typewriter, and by the
witness deposited with Mr. Walker. It was produced in
evidence and identified by the witness, and sworn to be
a true statement of what occurred. He testified:

" I rely more specifically upon my memoranda than
upon my memory of it. It is more to be relied upon.

" *Q.* So you offer all the facts as contained in this
memoranda, marked ' Exhibit 3,' this typewritten memo-
randa, as the facts exactly as they were and as they oc-
curred at that time?

"*A.* Yes, sir; as I have already stated, that these
facts do not deviate from the exact circumstances as they
existed at that time."

This statement (Exhibit 3), which witness used to refresh his recollection and from which he testified, is as follows:

"Saturday, December 16th, 1893, I was called upon by Mr. Frank St. Aubin with the request that I was wanted up to Mr. Connor's house at Grosse Pointe. The carriage being in waiting at the Griswold street entrance, we drove up, and I was told by Mrs. Mary Moran that her mother wanted to see me. She stepped out of the room, leaving me alone with Mr. and Mrs. Connor, both being at the time sick in bed in the same room.

"Mrs. Connor said: 'Years ago Mr. Connor bought some property [pointing across the street] with my money, and I want him to give me a deed of it.'

"I asked her if she had asked him to do so, and she said she had a number of times.

"I said, 'What did he say?' and she said, 'He said, "No."'

"I said, 'When did you speak to him last about it?' and she replied, 'About three weeks ago, and he said, "No."'

"I stepped from her bedside to Mr. Connor's bedside and said, 'Mr. Connor, your wife claims that some property in this vicinity has been bought with her money, and she would like to have you give her a deed of it.' He replied, 'I attended to that years ago, 12 years ago. The deed is at Mr. Walker's office.'

"I then said to her, 'He says he has attended to this years ago, and that the deed is at Mr. Walker's office in the Moffat building.' I again turned to Mr. Connor and said, 'Mr. Connor, if that is a fact, will you permit me to go and get the deed?' He said, 'Certainly, I have trusted you before, and I can do so again. Go and get it.'

"I left the house, and went directly to the office of Walker & Walker, obtained the deed, gave my receipt therefor, and returned again to Mr. Connor's house. Both Mr. and Mrs. Connor appeared to be very sick. Holding the deed in my hand, I stated to Mr. Connor, 'I went down to the office and obtained the deed, and have returned here with it.' I said, 'Shall I show it to Mrs. Connor and read it to her?' He made no reply. I turned, opened the deed, and read the description of the property to her. It was witnessed by E. C. Walker and John Higgs, presumably a clerk in the office. The instrument

was acknowledged on the 1st of March, 1886, and the acknowledgment taken by E. C. Walker, a notary public. I said, ' Now, Mrs. Connor, this deed is all right, because I know that some of the pieces of property mentioned in the deed are part of the old Connor farm.'

"I said, ' Mr. Connor, this is the deed which you executed in Mr. Walker's office ? ' and he said, 'Yes, sir.'

" I said, ' Is this the property you want to give your wife ? ' and he said, ' Yes, sir.'

" I said, ' Mrs. Connor, do you wish to keep this deed, or shall I keep it ? ' She said, ' You had better keep it.' And Mr. Connor says, ' Keep it, and when we are well we will go down to your office and attend to it together.'

" No one else was present. I was alone with them during the entire conversation."

Witness returned the deed at once to Mr. Walker, to whom he had receipted for it. Catherine Connor died within one week after this occurrence. Richard H. Connor recovered, and lived about 10 years. Evidence was received showing his treatment of this property after his wife's death. He made a will in January following his sickness, which was drawn by Judge Brevoort, by which he disposed of all of his estate, at which time he said, with reference to the deed to his wife, that she was dead now, and the deed was no good, or of no consequence. He afterwards paid taxes upon this land, and interest upon a mortgage, and also entered into a contract of sale of part of it. If there was a delivery of this deed, it occurred at the time these parties were sick, on December 16, 1893, and it must rest upon the statements, acts, and intention of the grantor at that time. The memorandum of Judge Brevoort is the record of that transaction. From this memorandum it appears that Mr. Connor was willing that his wife should know relative to this deed, and had confidence enough in Judge Brevoort to allow him to bring it to the house. He identified the deed and the property described in it. He did not consent that it should be shown or read to his wife. Judge Brevoort's statement to the wife, " Do you wish to keep this deed, or shall I keep it ? " was voluntary on his part and unauthorized. Connor

said to him, "Keep it, and when we get well we will go down to your office and attend to it together." No delivery can be implied from what occurred. Instead of making a delivery of this deed, it is clear to us, from this last statement of Mr. Connor, that his express intention was not to do so. The evidence offered relative to subsequent statements of Mr. Connor, and his dealings with this land, need not be considered.

The decree of the circuit court is affirmed, with costs.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.